# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**
**Grand Jury Sworn in on May 16, 2011**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| | : | **Grand Jury Original** |
| **v.** | : | |
| | : | **Violations:** |
| **RAMON DAVILA,** | : | **18 U.S.C. § 1001** |
| **Defendant.** | : | **(Making a False Statement)** |
| | : | |

## INDICTMENT

The Grand Jury charges that:

## Introduction

At all times relevant to this Indictment:

1.      Defendant **RAMON DAVILA** was employed by various companies, including

USIS (formerly U.S. Investigative Services), ManTech MSM Security Services, Inc.

("ManTech"), and Systems Application & Technologies, Inc. ("SA-TECH"), as an investigator

under contract to conduct background investigations on behalf of the United States Office of

Personnel Management ("OPM"), an agency within the executive branch of the federal

government located in Washington, D.C.

2.      OPM's Federal Investigative Services Division ("FISD"), formerly known as the

Center for Federal Investigative Services and now known as Federal Investigative Services

("FIS"), was responsible for conducting background investigations for numerous federal agencies

and their contractors.  OPM-FISD had an investigator workforce compromised of federal agents

employed by OPM-FISD and investigators employed by various companies, such as USIS,

ManTech, and SA-TECH, under contract with OPM-FISD to conduct background investigations.

OPM-FISD conducted background investigations of individuals who were either employed by or

seeking employment with agencies or government contractors.  The purpose of the background

investigations was to determine individuals' suitability for positions having access to classified

information, for positions impacting national security, and for receiving or retaining security

clearances.

3.      In conducting these background investigations, contract investigators would

conduct interviews of individuals who had information about the person who was the subject of

the background investigation.  In addition, contract investigators would seek out, obtain, and

review documentary evidence, such as employment records, to verify and corroborate

information provided by either the subject of the background investigation or by persons

interviewed during the investigation.  After conducting interviews and obtaining documentary

evidence, contract investigators would prepare a Report of Investigation ("ROI"), containing the

results of the interviews and records reviews, and would electronically submit the ROI to OPM

in Washington, D.C.  OPM would then provide a copy of the investigative file to the requesting

agency and maintain a copy in its records system.

4.      The ROI containing the results of the interviews and records reviews conducted

during a background investigation was utilized and relied upon by the agency requesting the

background investigation to determine whether the subject of the investigation was suitable for a

position having access to classified information, for a position impacting national security, or for

receiving or retaining security clearance.

2

## COUNT 1
### Making a False Statement

5.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

6.     On or about January 30, 2007, in the District of Columbia and elsewhere, defendant **DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of D.S., defendant **DAVILA** represented the following:

       a.     that he had interviewed K.J. about D.S., when, in truth and in fact, defendant **DAVILA** had not interviewed K.J about D.S.;

       b.     that he had interviewed M.R. about D.S., when, in truth and in fact, defendant **DAVILA** had not interviewed M.R. about D.S.;

       c.     that he had interviewed W.M. about D.S., when, in truth and in fact, defendant **DAVILA** had not interviewed W.M. about D.S.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 2
### Making a False Statement

7.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

8.     On or about February 9, 2007, in the District of Columbia and elsewhere, defendant **DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious,

3

and fraudulent statement and representation, in that in a ROI of a background investigation of

J.L., defendant **DAVILA** represented the following:

      a.     that he had interviewed R.J. about J.L., when, in truth and in fact,

defendant **DAVILA** had not interviewed R.J. about J.L.;

      b.     that he had interviewed S.R. about J.L., when, in truth and in fact,

defendant **DAVILA** had not interviewed S.R. about J.L.;

      c.     that he had interviewed T.B. about J.L., when, in truth and in fact,

defendant **DAVILA** had not interviewed T.B. about J.L.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 3
## Making a False Statement

     9.     The allegations containing in paragraphs one through four of this Indictment are

incorporated herein by reference as if stated in full.

     10.    On or about January 29, 2007, in the District of Columbia and elsewhere,

defendant **DAVILA**, in a matter within the jurisdiction of the executive branch of the

government of the United States, did knowingly and willfully make a materially false, fictitious,

and fraudulent statement and representation, in that in a ROI of a background investigation of

K.S., defendant **DAVILA** represented that he had interviewed E.H. about K.S., when, in truth

and in fact, defendant **DAVILA** had not interviewed E.H. about K.S.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

4

## COUNT 4
### Making a False Statement

11.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

12.     On or about March 21, 2007, in the District of Columbia and elsewhere, defendant **DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of M.L., defendant **DAVILA** represented that he had interviewed L.B. about M.L., when, in truth and in fact, defendant **DAVILA** had not interviewed L.B. about M.L.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 5
### Making a False Statement

13.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

14.     On or about March 21, 2007, in the District of Columbia and elsewhere, defendant **DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of C.J., defendant **DAVILA** represented that he had interviewed C.G. about C.J., when, in truth and in fact, defendant **DAVILA** had not interviewed C.G. about C.J.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 6
### Making a False Statement

15.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

16.     On or about March 22, 2007, in the District of Columbia and elsewhere, defendant **DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of J.B., defendant **DAVILA** represented that he had reviewed records provided by J.A. about J.B., when, in truth and in fact, defendant **DAVILA** had not received any records from J.A. about J.B.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 7
### Making a False Statement

17.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

18.     On or about March 23, 2007, in the District of Columbia and elsewhere, defendant **DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of D.G., defendant **DAVILA** represented that he had interviewed J.D. about D.G., when, in truth and in fact, defendant **DAVILA** had not interviewed J.D. about D.G.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 8
## Making a False Statement

19.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

20.     On or about March 23, 2007, in the District of Columbia and elsewhere, defendant DAVILA, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of A.H., defendant DAVILA represented the following:

a.      that he had reviewed records provided by B.J. about A.H., when, in truth and in fact, defendant DAVILA had not received any records from B.J. about A.H.;

b.      that he had reviewed records provided by B.M. about A.H., when, in truth and in fact, defendant DAVILA had not received any records from B.M. about A.H.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 9
## Making a False Statement

21.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

22.     On or about April 3, 2007, in the District of Columbia and elsewhere, defendant DAVILA, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of A.H., defendant DAVILA represented that he had interviewed J.R. about A.H., when, in truth and in fact,

7

defendant **DAVILA** had not interviewed J.R. about A.H.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 10
### Making a False Statement

23.    The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

24.    On or about May 31, 2007, in the District of Columbia and elsewhere, defendant **DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of A.H., defendant **DAVILA** represented the following:

      a.    that he had reviewed records provided by B.J. about A.H., when, in truth and in fact, defendant **DAVILA** had not received any records from B.J. about A.H.;

      b.    that he had reviewed records provided by J.R.. about A.H., when, in truth and in fact, defendant **DAVILA** had not received any records from J.R.. about A.H.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 11
### Making a False Statement

25.    The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

26.    On or about March 30, 2007, in the District of Columbia and elsewhere, defendant **DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent

statement and representation, in that in a ROI of a background investigation of W.B., defendant

**DAVILA** represented that he had interviewed B.O. about W.B., when, in truth and in fact,

defendant **DAVILA** had not interviewed B.O. about W.B.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 12
## Making a False Statement

27.     The allegations containing in paragraphs one through four of this Indictment are
incorporated herein by reference as if stated in full.

28.     On or about April 2, 2007, in the District of Columbia and elsewhere, defendant

**DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the

United States, did knowingly and willfully make a materially false, fictitious, and fraudulent

statement and representation, in that in a ROI of a background investigation of K.W., defendant

**DAVILA** represented that he had interviewed D.F. about K.W., when, in truth and in fact,

defendant **DAVILA** had not interviewed D.F. about K.W.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 13
## Making a False Statement

29.     The allegations containing in paragraphs one through four of this Indictment are
incorporated herein by reference as if stated in full.

30.     On or about May 26, 2007, in the District of Columbia and elsewhere, defendant

**DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the

United States, did knowingly and willfully make a materially false, fictitious, and fraudulent

statement and representation, in that in a ROI of a background investigation of D.H., defendant

DAVILA represented that he had interviewed M.T. about D.H., when, in truth and in fact, defendant DAVILA had not interviewed M.T. about D.H.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

**COUNT 14**
**Making a False Statement**

31.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

32.     On or about May 29, 2007, in the District of Columbia and elsewhere, defendant DAVILA, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of D.H., defendant DAVILA represented that he had interviewed J.K. about D.H., when, in truth and in fact, defendant DAVILA had not interviewed J.K. about D.H.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

**COUNT 15**
**Making a False Statement**

33.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

34.     On or about May 29, 2007, in the District of Columbia and elsewhere, defendant DAVILA, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of G.B., defendant DAVILA represented the following:

10

    a.      that he had reviewed records provided by K.D. about G.B., when, in truth and in fact, defendant **DAVILA** had not received any records from K.D. about G.B.;

    b.      that he had interviewed K.D. about G.B., when, in truth and in fact, defendant **DAVILA** had not interviewed K.D. about G.B.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

**COUNT 16**
**Making a False Statement**

35.    The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

36.    On or about May 30, 2007, in the District of Columbia and elsewhere, defendant **DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of S.C., defendant **DAVILA** represented that he had interviewed W.P. about S.C., when, in truth and in fact, defendant **DAVILA** had not interviewed W.P. about S.C.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

**COUNT 17**
**Making a False Statement**

37.    The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

38.    On or about May 30, 2007, in the District of Columbia and elsewhere, defendant **DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent

11

statement and representation, in that in a ROI of a background investigation of J.W., defendant

**DAVILA** represented that he had interviewed B.D. about J.W., when, in truth and in fact,

defendant **DAVILA** had not interviewed B.D. about J.W.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

**COUNT 18**
**Making a False Statement**

39.     The allegations containing in paragraphs one through four of this Indictment are

incorporated herein by reference as if stated in full.

40.     On or about June 1, 2007, in the District of Columbia and elsewhere, defendant

**DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the

United States, did knowingly and willfully make a materially false, fictitious, and fraudulent

statement and representation, in that in a ROI of a background investigation of J.W., defendant

**DAVILA** represented that he had reviewed records provided by B.D. about J.W., when, in truth

and in fact, defendant **DAVILA** had not received any records from B.D. about J.W.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

**COUNT 19**
**Making a False Statement**

41.     The allegations containing in paragraphs one through four of this Indictment are

incorporated herein by reference as if stated in full.

42.     On or about June 6, 2007, in the District of Columbia and elsewhere, defendant

**DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the

United States, did knowingly and willfully make a materially false, fictitious, and fraudulent

statement and representation, in that in a ROI of a background investigation of D.H., defendant

DAVILA represented that that he had reviewed records provided by A.M. about D.H., when, in truth and in fact, defendant DAVILA had not received any records from A.M. about D.H.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 20
### Making a False Statement

43.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

44.     On or about June 19, 2007, in the District of Columbia and elsewhere, defendant DAVILA, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of S.L., defendant DAVILA represented the following:

        a.     that he had interviewed C.S. about S.L., when, in truth and in fact, defendant DAVILA had not interviewed C.S. about S.L.;

        b.     that he had interviewed S.L. about S.L., when, in truth and in fact, defendant DAVILA had not interviewed S.L. about S.L.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 21
### Making a False Statement

45.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

46.     On or about June 20, 2007, in the District of Columbia and elsewhere, defendant DAVILA, in a matter within the jurisdiction of the executive branch of the government of the

United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of C.H., defendant **DAVILA** represented the following:

      a.    that he had interviewed C.H. about C.H., when, in truth and in fact, defendant **DAVILA** had not interviewed C.H. about C.H.;

      b.    that he had interviewed T.S. about C.H., when, in truth and in fact, defendant **DAVILA** had not interviewed T.S. about C.H.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 22
## Making a False Statement

47.    The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

48.    On or about June 27, 2007, in the District of Columbia and elsewhere, defendant **DAVILA**, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of D.S., defendant **DAVILA** represented that he had reviewed records provided by L.S. about D.S., when, in truth and in fact, defendant **DAVILA** had not received any records from L.S. about D.S.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 23
## Making a False Statement

49.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

50.     On or about June 27, 2007, in the District of Columbia and elsewhere, defendant DAVILA, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of B.S., defendant DAVILA represented the following:

        a.      that he had interviewed J.W. about B.S., when, in truth and in fact, defendant DAVILA had not interviewed J.W. about B.S.;

        b.      that he had reviewed records provided by J.W. about B.S., when, in truth and in fact, defendant DAVILA had not received any records from J.W. about B.S.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

## COUNT 24
## Making a False Statement

51.     The allegations containing in paragraphs one through four of this Indictment are incorporated herein by reference as if stated in full.

52.     On or about June 20, 2007, in the District of Columbia and elsewhere, defendant DAVILA, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in a ROI of a background investigation of D.H., defendant

**DAVILA** represented that he had interviewed B.F. about D.H., when, in truth and in fact,

defendant **DAVILA** had not interviewed B.F. about D.H.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001)**

A TRUE BILL

FOREPERSON

Ronald C. Machen Jr. / SJD
ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA

16