UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | CASE NO. 11-CR-279 |
| ) | |
| ) | |
| RAMON DAVILA. ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S RESPONSE TO MOTION *IN LIMINE*

Defendant, Ramon Davila, by and through undersigned counsel, respectfully responds to the Government's motion in limine setting forth five *in limine* issues, as follows:

I.    **Government argument**: preclude evidence comment and argument the purpose of which is jury nullification

**Defense response:** No objection

II.    **Government argument:** Preclude "missing witness" arguments

**Defense response:** Object in part. The issue is not ripe at this stage of the trial for a decision by the court

III.    **Government argument:** preclude evidence or argument regarding prior good acts by defendant or his lack of criminal record.

**Defense response:** Object in part and agree in part.

IV.    **Government argument:** preclude any "Golden Rule" argument.

**Defense response:** No objection.

1

V.	**Government argument:**  Preclude evidence, comments, and arguments regarding penalties.

**Defense response:** No objection

The defense will address issues II, III, and V.

## INTRODUCTION

The Government has indicted Mr. Ramon Davila for allegedly submitting false investigation reports on a tiny percentage of investigations that Mr. Davila conducted as a contract investigator for OPM-FIS. As the government correctly sets forth in its pleading, Mr. Davila is a former law enforcement officer. He was the police commissioner for the U.S. Virgin Islands. He also worked for U.S. Customs. Based on the government's argument in its motion, prosecutors and agents have concluded that because Mr. Davila is clearly guilty because he was indicted. Apparently, the government never gets it wrong and indictments only issue against those who are guilty. Pursuant to that belief, the government has sought to have this court issue certain pretrial evidentiary rulings because, as the government argues, "given the strong evidence of intentional falsification, the government can only *speculate* that defendant hopes to offer a defense aimed at jury nullification or a defense that runs counter to the Rules of Evidence and governing law. Gov't Br. P. 3. (Emphasis added).

What the government is alleging is that because Mr. Davila has decided to defend himself against the allegations in the indictment, his counsel must be intending to violate the Professional Rules, the Federal Rules of Evidence and the Law. Even if, as the Government alleges, Mr.

2

Davila has engaged in the acts charged, he still has a constitutional right to a trial and to have the government prove the charges against him. Accordingly, while either party is free to file whatever motions *in limine* necessary to preemptively ensure evidentiary matters are clarified and Rules are followed, speculating that a party would intentionally seek to violate the rules and law in the absence of any evidence to support that presumption is gratuitous and unnecessary.

**DISCUSSION**

**Issue I. Preclude evidence, comment and argument for the purpose of jury nullification.**

The defense does not object to the Government's position that the Defendant may not, and that the court should not, instruct the jury to nullify. The Government is reminded, however, that jury nullification is very much a part of our jurisprudence and courts have long recognized the right of the jury to register its dissatisfaction with a law by ignoring the judge's instructions on the law.

The Government argues at length that the defense should be precluded from commenting on the Government's charging decision because it may lead to an improper inference by the jury. The defense had not intended, and cannot contemplate a situation when such a comment or an argument would be relevant. The defense reserves the right to address this issue should the Government present evidence, commentary or arguments that refers to its own charging decisions.

**Issue II.  Preclude missing witness arguments**.

The Government seeks to have the court preclude defense from making any arguments intended to suggest an adverse inference based on the absence of a witness. This issue is not yet

ripe for decision.  The defense has no information regarding whom the government will call or not call.  Accordingly, until the government produces a witness list that identifies which witnesses they will use to support the allegations set forth in the indictment, neither the defense nor the court have the knowledge necessary to either argue for the adverse inference from a witness' absence, nor the court precluding the inference.

The defense expects that the Government will seek to present some witnesses to prove the charges and attempt to prove others by admitting documents created by the accused or under a hearsay exception.  If the government decides to prove some of the charges using documentary evidence, the defense should be allowed to argue the adverse inference from a missing witness if 1) the witness is peculiarly within the control of the Government; and 2) the testimony will elucidate the transaction.  *United States v. Blakemore*, 489 F.2d 193, 196 (6th Cir. Ky. 1973).  Before doing so, however, a ruling from the court should be sought by the moving party, in this case the defense.

In seeking the negative inference the Defense will have to show that the witness is within the peculiar control of the Government.  Every one of the witnesses relevant to the charges alleged in the indictment is within the peculiar control of the Government.

These charges arose from allegations that Mr. Davila intentionally failed to complete investigations and lied about the results while conducting investigations for people seeking Government employment.  The witnesses are either government employees or contractors.  They are peculiarly within the control of the Government because the Government has an employer employee relationship with the putative witnesses.  An employer-employee relationship is sufficient to make the uncalled witness peculiarly within the control of the party against whom

4

the inference is sought. *Id. Citing Milton v. United*, States, 71 App. D.C. 394, 110 F.2d 556 (1940).

The next step in the analysis in deciding whether the negative inference may be argued is to determine whether the uncalled witness will elucidate the transaction. Determining whether a witness will elucidate the transaction will hinge on whether the witness will have something relevant to add. A witness' testimony will be relevant and elucidate the transaction if, for example, an uncalled witness will testify that although the witness does not currently recall meeting Mr. Davila, the witness confirms what the witness's office looked like, the security procedures necessary to enter the office, or confirm a telephone number from a telephone record indicating a phone call of some lengths with Mr. Davila. Such evidence is probative and relevant to the defense' theory that the witness' memory may have failed or that Mr. Davila committed a scrivener's error in logging an in-person meeting when in fact it was a telephone meeting.

When a witnesses within the Government's control who may elucidate the transaction alleged is not called, the defense should be permitted to argue the negative inference. But such decisions may only be made once the trial court acquaints itself with the circumstances and conditions of the negative inference sought. *See Blakemore*. What is clear from the cases addressing the issue of "missing witness" arguments is that before ruling on the appropriateness of such argument, the trial court "must make the pertinent inquiries and findings." *Blakemore*, 489 F.2d 196. Accordingly, while there appears to be no disagreement between the Government and Defense regarding the law on this issue, the defense submits that it is premature for the court to rule on this issue before making the pertinent inquiries and findings regarding testimony from uncalled witnesses.

**III.   Motion to preclude evidence or argument regarding prior good acts.**

The defense understands the parameters for character evidence and the limitations on specific instances of conduct within Fed. R. Evid. 405.  The defense generally agrees with the interpretation of Fed. R. Evid. 405 as set forth within the Government's pleading.  The defense also recognizes that the questions posited by the Government at page 10 of their pleading are just another way of asking about specific instances of conduct.  And while the defense agrees that an accused may, usually, not introduce specific instances of conduct to prove a character trait, specific instances of a person's conduct may be used when the character of the person is an essential element of a charge, claim, or defense.  Fed. R. Evid. 405(b).  *United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997).

The gravamen of the charges against Mr. Davila allege intentionally fraudulent acts and fictitious or false statements in the conduct of his investigative reports.  Accordingly, in addition to opinion and reputation character evidence under Fed. R. Evid. 404(a)(1), Mr. Davila, is permitted to present specific instances evidence related to his truthfulness, honesty and integrity because those traits are specifically implicated within the charges he faces.  Fed. R. Evid. 405(b).  The defense does agree that evidence of courage, service, bravery, attention to duty or commendations are not relevant.  *See United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989).

**IV.    Preclude any "Golden Rule" argument.**

The defense does not object to this request.

**V.      Preclude evidence, comments, and arguments regarding penalties.**

The defense does not object to this request.

## **CONCLUSION**

Wherefore, the defense respectfully requests, except where the defense has no objection, the court deny issue II because a ruling on the "missing witness" inference is not ripe at this juncture and deny in part issue III which appears to seeks this court deny Mr. Davila the right to introduce certain relevant character evidence under Fed. R. Evid. 404(a)(1) and 405(b).

Dated:  March 11, 2012                                        Respectfully submitted,

                                                                                      /s/
                                                                    Haytham Faraj
                                                                    *Attorney for Defendant*
                                                                    835 Mason Street, Suite 150-A
                                                                    Dearborn, MI 48124
                                                                    (313)457-1390
                                                                    Farajh@gmail.com

## **Certification**

I hereby certify that on this date a copy of the forgoing motion along with all other papers was served upon the parties and/or counsel of record by electronic means.

March 11, 2012                                                                     /s/
                                                                    Haytham Faraj
                                                                    *Attorney for Defendant*
                                                                    835 Mason Street, Suite 150-A
                                                                    Dearborn, MI 48124
                                                                    (313)457-1390
                                                                    Farajh@gmail.com