

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 12, 2013

BY EMAIL

Jonathan Jeffress, Esq.
Assistant Federal Public Defender

Kyle Clark, Esq.
Baker Botts LLP

    Re:    United States v. Ramon S. Davila (11-CR-279 (ABJ))

*[handwritten: Let this be filed. Royce C. Lamberth U.S.D.J. 6/20/13]*

**FILED**
**JUN 20 2013**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Dear Messrs. Jeffress and Clark:

    This letter sets forth the full and complete plea offer to your client, Ramon S. Davila, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire at 5 pm on June 13, 2013. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**I.**    **Charges and Statutory Penalties**

    1. Your client agrees to plead guilty to Count 2, paragraph 8(a), of the Indictment, charging one count of Making a False Statement, in violation of 18 U.S.C. § 1001.

    2. Your client understands that pursuant to 18 U.S.C. §§ 1001 and 3571(b), the charge carries a maximum sentence of five years of imprisonment; a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d); a $100 special assessment; a three-year term of supervised release; an order of restitution; and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

    3. In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the "Statement of the Offense." In addition, at the time of sentencing, the Government will move to dismiss the

remaining 23 entire counts and two subparts of Count 2 against your client. Your client agrees that, with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

**II.     Factual Stipulations**

4. Your client agrees that the "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the "Statement of the Offense" as a written proffer of evidence.

**III.    Sentencing Guidelines Stipulations**

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (hereinafter "Sentencing Guidelines" or "U.S.S.G."). The parties agree that the 2012 edition of the Guidelines Manual applies. With respect to the two-point enhancement for U.S.S.G. § 3B1.3 (Abuse of Position of Trust or Use of Special Skill), the parties reserve the right to litigate its applicability at the time of sentencing. The Government contends that the enhancement applies. Your client will oppose application of the enhancement. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

**A.     Offense Level under the Guidelines**

6. The parties agree to the following calculation under the Sentencing Guidelines, subject to the agreement to litigate the applicability of 3B1.3, as noted above:

| | | |
|---|---|---|
| 2B1.1(a)(2) | Base Offense Level | 6 |
| 2B1.1(b)(1)(E) | Loss greater than $70,000 | 8 |
| TOTAL | | 14 |

**Acceptance of Responsibility: 2-level reduction**: The Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and subsequent conduct prior to the imposition of sentence.

Were the Court to adopt the Government's position that U.S.S.G. § 3B1.3 (Abuse of Position of Trust or Use of Special Skill) applies, then assuming your client has accepted

responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, subject to the agreement to litigate the applicability of U.S.S.G. § 3B1.3, the stipulated applicable **Guidelines Offense Level is 12.**

### B.     Criminal History Category

7. Based upon the information now available to this Office (including representations by the defense), your client has no criminal history points.

In accordance with the above, your client's **Criminal History Category is I.**

### C.     Applicable Guideline Range

8. Based upon the calculations set forth above, subject to the agreement to litigate the applicability of U.S.S.G. § 3B1.3, your client's stipulated Sentencing Guidelines range is 10 to 16 months (the "Stipulated Guidelines Range") in Zone C of the Sentencing Guidelines. In addition, the parties agree should the Court impose a fine, at Guidelines level 12, the applicable fine range is $3,000 to $30,000. Were the Court to adopt the Government's position that U.S.S.G. § 3B1.3 (Abuse of Position of Trust or Use of Special Skill) applies, then your client's Sentencing Guidelines range would be 12 to 18 months in Zone C, with an applicable fine range of $3,000 to $30,000.

9. The parties agree that your client may seek a downward departure from the applicable Sentencing Guidelines Range under U.S.S.G. § 2B1.1, Commentary, Application Note 19(C) only, and that the downward departure your client may seek may be based on the confirmed falsification rate of 17%. Your client, understands, however, that the Government will oppose such a departure. Furthermore, neither party will seek any other departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider any other departure or adjustment. Moreover, for purposes of calculating the applicable Sentencing Guidelines Offense Level, the parties agree that the amount of loss is equal to the cost of the recovery effort, which in this case was $79,468.00.

## IV.     Agreement as to Sentencing Allocution

10. The parties further agree that a sentence within either Sentencing Guidelines range set forth in paragraph 8 would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that either party may seek a sentence outside of the applicable Sentencing Guidelines Range and suggest that the Court consider a

sentence outside of the applicable Sentencing Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

11. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, see U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

12. The government reserves its full right of allocution for purposes of post-sentencing in this matter, and retains the right to set forth all of its evidence with respect to your client's criminal activities at sentencing and post-sentencing. The government reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

13. In exchange for your client's guilty plea, the government agrees (1) to recommend to the Court a 2-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 (or a 3-level adjustment were the Court to adopt the Government's position that U.S.S.G. § 3B1.3 (Abuse of Position of Trust or Use of Special Skill) applies); and (2) not to oppose your client's release pending sentencing, provided that your client (a) cooperates with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperates fully and truthfully with the Court in any proceeding arising from this matter; (c) complies with the other provisions of this agreement; and (d) abides by the conditions set for his release by the Court.

14. If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

## V. Mandatory Recorded Interview

15. As part of his acceptance of responsibility, your client agrees to be available to meet with members of the Office of Personnel Management (OPM), upon request and reasonable notice, for a recorded interview about your client's background and decision to falsify background investigation reports, and your client agrees that such recorded interview may be disseminated by OPM personnel in order to prevent falsifications such as your client's in the future.

## VI. Court Not Bound by the Plea Agreement

16. It is understood that, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

## VII. Court Not Bound by the Non-Mandatory Sentencing Guidelines

17. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Sentencing Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw his plea of guilty should the Court impose a sentence outside the Sentencing Guidelines range.

## VIII. Restitution

18. In addition to the other penalties provided by law, the Court may also order that your client make restitution under 18 U.S.C. § 3663A. Your client agrees to make restitution to the United States government for the financial harm that was caused by your client's falsifications and not merely for the count of the Indictment to which your client agrees to plead guilty. The parties agree that pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), the order of restitution imposed by the Court should be in the amount of $79,468.00. Your client agrees that, within 10 days of the execution of this plea agreement, your client will submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. Your client promises that your client's financial statement and disclosures will be complete, accurate, and truthful.

19. Your client expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

20. Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If

your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs the participation or imposes a schedule of payments.

21. Your client certifies that he has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the Agreement and/or that may be imposed upon him by the Court. In addition, your client promises that he will make no such transfers in the future until he has fulfilled the financial obligations under this Agreement.

## IX.    Appeal Waiver

22. Your client is aware that federal law, specifically 18 U.S.C. § 3742, affords your client the right to appeal the sentence in this matter. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K2.0 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Further, your client reserves the right to make a collateral attack upon your client's sentence pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

## X.    Release/Detention

23. Your client acknowledges that while the Government will not seek detention of your client pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government will not oppose your client's voluntary surrender to commence serving any sentence which is imposed. The Government may move to change your client's conditions of release if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or to pose a danger to any person or the community.

## XI.    Breach of Agreement

24. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's

obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

25. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

26. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

27. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## XII.   Waiver of Statute of Limitations

28. It is further agreed that, for any reason, should this plea agreement fail to be entered or should the conviction following your client's plea of guilty pursuant to this Agreement be vacated, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## XIII. Complete Agreement

29. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

30. Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

31. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

RONALD C. MACHEN JR.
United States Attorney

By: ELLEN CHUBIN EPSTEIN
MAIA LUCKNER MILLER
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorneys. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorneys in connection with this Plea Agreement and matters related to it.

Date: 6/20/13

RAMON S. DAVILA
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 6/20/13

JONATHAN JEFFRESS, ESQ.
KYLE CLARK, ESQ.
Attorneys for the Defendant